UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYNTHIA TOMPKINS,                            :

        Plaintiff,                          :       MEMORANDUM AND ORDER

-v-                                          :       09 Civ. 1954 (RMB) (JLC)

ALLIED BARTON SECURITY SERVICES,             :       (This is not an ECF Case)

        Defendant.                          :
------------------------------------------------------------X

JAMES L. COTT, United States Magistrate Judge.

Plaintiff Cynthia Tompkins, appearing *pro se*, brought this employment discrimination action against Defendant Allied Barton Security Services, LLC ("Allied") in March, 2009. By a motion to amend dated January 25, 2010, Ms. Tompkins sought to amend her complaint a third time to add a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112-12117 (the "ADA").[1] In support of her motion, she asserted that she "didn't know about this protection." By Memorandum and Order dated January 26, 2010, Magistrate Judge Eaton denied Ms. Tompkins' motion.[2] Judge Eaton found that despite Ms. Tompkins' contention that she did not know about the availability of a claim under the ADA, her prior amended complaint had used the Pro Se Office's form complaint, which provides for a claim under the ADA, and she had not checked this statute as an additional basis for her complaint. In addition, Judge Eaton found that

---

[1] Ms. Tompkins has incorrectly titled the proposed amended pleading the "Fourth Amended Complaint." The record indicates that she filed her original complaint on March 4, 2009, amended her complaint on April 9, 2009, and then sought to amend her complaint a second time on December 9, 2009. Thus, the proposed amended complaint at issue here would be a <u>third</u> amended complaint.

[2] Judge Eaton retired subsequent to Plaintiff re-filing the Motion to Amend. This matter has been reassigned to me by Order dated March 2, 2010.

"it seems clear that [Ms. Tompkins] did not allege any disability discrimination to the Equal Employment Opportunity Commission."

Despite Judge Eaton's ruling, by a motion to amend dated February 19, 2010, Ms. Tompkins submitted the identical motion that Judge Eaton had reviewed and denied in January. All that appears to have been changed is the date of the motion. Allied opposed the motion, arguing that it should be denied because (1) it is identical to the motion denied by Judge Eaton, and Ms. Tompkins has identified "no new facts or reasons as to why her previously-denied motion should now be granted," Allied's Opposition dated March 4, 2010, and (2) any amendment would be futile because plaintiff did not file a charge of disability discrimination with the Equal Employment Opportunity Commission (the "EEOC") until February 12, 2010, more than 300 days after the allegedly discriminatory conduct, and it is thus untimely.

Ms. Tompkins submitted a Reply Affirmation dated March 10, 2010, in which she claims that the Court should "accept my ADA motion because I'm legally protected under the law," and because she "found out about the protection of the ADA from my colleagues and the EEOC."

Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] . . . [when] justice so requires." Fed. R. Civ. P. 15(a)(2). District courts "ha[ve] broad discretion to decide whether to grant leave to amend." In re Tamoxifen Citrate Antitrust Litig., 429 F.3d 370, 404 (2d Cir. 2005). Although leave to amend should be liberally granted, it may properly be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2007) (*quoting* Foman v. Davis, 371 U.S. 178, 182

2

(1962)).

Even though the Court must construe a *pro se* plaintiff's allegations liberally, the renewed motion to amend must be denied, both because of the application of the "law of the case" doctrine and because the ADA claim is untimely. The "law of the case" doctrine means that once a court has decided upon a rule of law, "that decision should continue to govern the same issues in subsequent stages" of the same case. Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988). Though law-of-the-case is a discretionary practice, "as a rule courts should be loathe to [revisit prior decisions of its own or of a coordinate court] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Id. at 817 (*quoting* Arizona v. California, 460 U.S. 605, 618 n. 8 (1983)).

In this Circuit, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (*quoting* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478, at 790 (1981)). None of these grounds is present here. The Court held a hearing on March 25, 2010 to give Ms. Tompkins an opportunity to present additional evidence to support her proposed amendment. At the hearing, the Court asked the parties to develop the record further in order to determine whether Ms. Tompkins had filed an ADA charge with the EEOC, since Judge Eaton had assumed she had not, but Ms. Tompkins had subsequently alleged otherwise. Following the hearing, by letter dated March 29, 2010, Allied's counsel submitted Ms. Tompkins's ADA charge filed with the EEOC. That charge was filed on February

3

8, 2010, more than 300 days after the alleged discriminatory conduct (which Ms. Tompkins alleged took place on March 25, 2009). While Ms. Tompkins did in fact file a charge with the EEOC on February 8, 2010 (and received a Right-to-Sue Notice on February 12, 2010), she submitted it more than 300 days after the alleged discriminatory conduct and it is therefore too late to be included in the pending suit. See 42 U.S.C. § 12117(a); Monterroso v. Sullivan & Cromwell, LLP, 591 F. Supp. 2d 567, 585 (S.D.N.Y. 2008).

Accordingly, there is no basis to reverse Judge Eaton's earlier decision, and in fact there is an additional basis on which to deny the motion: untimeliness. For these reasons, the motion to amend dated February 19, 2010 is denied.

To ensure that the record is complete, the Clerk of the Court is directed to accept and file on the docket the following documents: (1) Ms. Tompkins's Motion to Amend dated February 19, 2010; (2) Ms. Tompkins's Reply Affirmation in Support of Motion dated March 10, 2010; and (3) Counsel for Allied's letter to the Court dated March 29, 2010 (with attachments).

SO ORDERED.

Dated: New York, New York
April 7, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order are being sent by mail to:**

Ms. Cynthia Tompkins
816 East 214 Street, P.H.
Bronx, New York 10467

Janet Beth Linn, Esq.
Steven Robert Kramer, Esq.
Eckert, Seamans, Cherin & Mellott LLC

4

10 Bank Street
White Plains, New York 10606

Matthew D. Crawford
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326

Pro Se Office, Room 230

Hon. Richard M. Berman