UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYNTHIA TOMPKINS,

          Plaintiff,

    -against-

ALLIED BARTON SECURITY SERVICES,

          Defendant.

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/10
```

09 Civ. 1954 (RMB) (JLC)

**DECISION & ORDER**

## I. Background

On or about December 9, 2009, Cynthia Tompkins ("Plaintiff"), proceeding pro se, filed a Third Amended Complaint ("Complaint") against AlliedBarton Security Services ("Defendant"), alleging, among other things, that Defendant discriminated against her on the basis of her gender and her race in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206 (2007) ("EPA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. ("Title VII"). (See Compl. at 1.)

On May 20, 2010, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (See Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Motion"), dated May 20, 2010.)[1] On or about June 10, 2010, Plaintiff submitted an opposition. (See Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Opposition"), dated June 10, 2010.)

On August 2, 2010, United States Magistrate Judge James L. Cott, to whom the matter had been referred, issued a thorough Report and Recommendation ("Report")

---

[1] Defendants' submissions included a Notice to Pro Se Litigants Opposing Summary Judgment pursuant to Local Rule 56.2. See Rule 56.2, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

recommending that the Motion be granted in its entirety because, among other reasons: (1) "Plaintiff does not prove any of the elements of a claim under the EPA [because] Plaintiff [cannot] prove at the outset that Defendant paid female guards in one category lower wages than it paid male guards in the same category"; and (2) Plaintiff's Title VII claim fails because, among other reasons: (a) "Defendant has proffered a legitimate, non-discriminatory reason for transferring Plaintiff [which she has been] unable to demonstrate . . . is pretextual"; (b) "Plaintiff never applied for a . . . position for which she was qualified and no . . . position was vacant [for which] her employer continued to seek applicants"; (c) Plaintiff "was not subjected to discriminatory harassment based on either her race or sex [and] Plaintiff offers no reason to impute any harassment . . . to [Defendant]"; (d) "denial of two requests for time off does not constitute an adverse employment action"; "Plaintiff admit[ted] that . . . [Defendant's] alleged inconsistent enforcement [of work attire policy] was not based on race or sex"; and "failure to hire a person related to Plaintiff does not constitute an adverse employment action." (Report at 7, 15–22.)

The Report instructed the parties that they had "fourteen (14) days from service of this Report to file written objections." (Report at 22.)

On or about August 10, 2010, Plaintiff submitted objections to the Report ("Objections"). On August 20, 2010, Defendant filed a Response to Plaintiff's Objections ("Response"), arguing, among other things, that Plaintiff has made no effort to rebut Judge Cott's recommendations. (Resp. at 5)

**For the reasons set forth below, the Court adopts the Report in its entirety.**

2

## II. Legal Standard

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Manigaulte v. C.W. Post of Long Island Univ., 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009). A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge. See Celestine v. Cold Crest Care Center, 495 F. Supp. 2d 428, 431 (S.D.N.Y. 2007).

A pro se litigant is to be given "special latitude in responding to a summary judgment motion." Warren v. Goord, 579 F. Supp. 2d 488, 493 (S.D.N.Y. 2008). The court will read a pro se litigant's submissions liberally and "interpret them so as to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 472 (2d Cir. 2006). Pro se status, however, does not "relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003).

## III. Analysis

The facts and procedural history set forth in the Report are incorporated herein by reference. The Court has conducted a de novo review of the Report, the record,

3

applicable legal authorities, Plaintiff's Objections and Defendant's Response. Neither parties' submissions provides a basis for departing from the Report's recommendations.[2]

**(1) Claims Under EPA**

Judge Cott properly concluded that Plaintiff did not prove any of the elements of a claim under the EPA, because, among other reasons, Plaintiff had not shown that "Defendant paid female guards in one category (e.g., Level I guards) lower wages than it paid male guards in the same category." (Report at 22); see also Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir.1999).

**(2) Claims Under Title VII**

**(a) Defendant's Reason for Terminating Plaintiff**

Judge Cott properly found that "Defendant has proffered a legitimate, non-discriminatory reason for transferring Plaintiff [which she has been] unable to demonstrate . . . is pretextual." (Report at 12). Judge Cott found that "Plaintiff's job performance was clearly unsatisfactory" because, among other reasons, "Plaintiff concedes that she was caught sleeping while on duty." (Report at 8); see Georgy v. O'Neill, No. 00 Civ. 0660, 2002 WL 449723, at *7–8 (E.D.N.Y. Mar. 25, 2002) ("[Defendant] easily [meets] its burden of demonstrating a legitimate, non-discriminatory reason [when] poor work performance is well documented").

**(b) Failure to Apply**

Judge Cott properly concluded that Plaintiff did not state a prima facie case of failure to promote because, among other reasons, "no such position existed during the

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991). Any Objections not specifically addressed in this Order have been considered de novo and rejected.

times she voiced her requests to be promoted." (Report at 15–16); see also Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 (2d Cir. 2000).

### (c)  No Harassment

Judge Cott properly concluded that Plaintiff had not produced any evidence "indicating that [Defendant] took any action because of Plaintiff's membership in a protected class." (Report at 17); see also Richardson v. New York State Dept. of Correctional Service, 180 F.3d 426, 440 (2d Cir. 1999) ("to sustain a Title VII hostile environment claim[,] Plaintiff must . . . produce evidence that she was discriminated against because of her race"); Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) ("it is axiomatic that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex.").

### (d)  No Adverse Action

Judge Cott properly concluded that Plaintiff did not suffer an adverse employment action because, among other reasons, the "denial of two requests for time off does not constitute an adverse employment action," "Plaintiff admit[ted] that . . . [Defendant's] alleged inconsistent enforcement [of work attire policy] was not based on race or sex," and "failure to hire a person related to Plaintiff does not constitute an adverse employment action." (Report at 20–21); see also Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir.2000) ("An adverse employment action . . . must be more disruptive than a mere inconvenience); see also Ebanks v. Neiman Marcus Grp., Inc., 414 F. Supp. 2d 320, 333 (S.D.N.Y. 2006) ("none of these incidents [of denial of request for time off], either independently or taken together, constitutes an adverse

5

employment action"); see also Alfano, 294 F.3d at 374; see also Richardson, 180 F.3d at 400.

### IV. Conclusion & Order

For the reasons set forth herein and therein, the Court adopts Judge Cott's Report in its entirety and grants Defendant's motion for summary judgment. The Clerk of Court is respectfully requested to enter judgment and close this case.

**SO ORDERED**

Dated: September 13, 2010
       New York, New York

_____
Richard M. Berman, U.S.D.J.

6